[Civ. No. 12674. Third Dist. May 1, 1972.]

CALVIN BIGGERS, a Minor, etc., et al., Plaintiffs and Appellants, v. SACRAMENTO CITY UNIFIED SCHOOL DISTRICT et al., Defendants and Respondents.

Barbara Lang Betts for Plaintiffs and Appellants.

Rust & Mills, Thomas C. Westley and David C. Rust for Defendants and Respondents.

**OPINION**

**PIERCE, J.**\*—Plaintiffs appeal following judgment of dismissal entered after the demurrer to their complaint had been sustained without leave to amend.

The nature of the action: it is one for the negligent failure of respondents to take adequate precautions for the safety of the school grounds of Sacramento High School. The result: alleged injuries to plaintiff minor suffered by a beating at the hands of a gang of hoodlums on the school grounds. The demurrer rests generally upon the claimed immunity of respondents from liability for such a tort. Respondents are said to be immune because the alleged tort arises from their performance of a discretionary function. At the pleading stage, determination of that issue cannot be made. Therefore this court will reverse the judgment. (See *Sava* v. *Fuller* (1967) 249 Cal.App.2d 281, 291 [57 Cal.Rptr. 312] (hg. den.).)

---

\*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

## FACTS PLEADED

The complaint alleges that on June 4, 1969, plaintiff Calvin Biggers, a 17-year-old minor, suing through his guardian ad litem, was a student attending Sacramento High School. On that date, he walked out of a restroom between the main building of the school and the shop wing. At that point he was attacked without provocation or cause by a gang of from 10 to 15 juveniles. He was struck and knocked into unconsciousness. As a proximate result, Calvin Biggers was seriously injured. Money damages, both general and special, are sought.

The school district, its school board, its superintendent and principal were named as defendants. No issue is raised that they were not accurately so named. It is alleged that these defendants "negligently failed to take sufficient precautions for the safety of Plaintiff as well as all the students, teachers and administrative staff at . . . [the school]; that the Defendants and each of them, knowingly and negligently allowed students and non-students upon the campus whose behavior was inimical to the welfare of other students and knowingly and negligently permitted behavior which adversely affected school discipline." These, it is further alleged, were proximate causes of the aforesaid injuries suffered by plaintiff Calvin Biggers.

The complaint contains a necessary allegation that a proper verified claim was seasonably filed. No issue has been raised to the contrary.

A second count in the complaint sues for shock suffered by the mother and father of Calvin Biggers as the proximate result of the severity of the beating suffered by their son. In this count there is a further allegation that defendants still fail to take necessary steps to protect young Biggers should he return to school or to protect their daughter who is also a student at Sacramento High School.

## LAW APPLICABLE

This part of the opinion logically begins with a consideration of the nature of the case. It is a pleading case. The facts pleaded have not been proved. Moreover, this reviewing court is not minutely concerned with the excellence of the complaint. The trial court sustained a general demurrer *without leave to amend.* ■ The allegations of the complaint must be regarded as true. (*First Western Bank & Trust Co.* v. *Bookasta* (1968) 267 Cal.App.2d 910, 914 [73 Cal.Rptr. 657]; *National Automobile & Cas. Ins. Co.* v. *Payne* (1968) 261 Cal.App.2d 403, 408 [67 Cal.Rptr. 784].) ■ *The allegations will be liberally construed with a view to effecting substantial justice between the parties.* For purposes of this opinion, it will be assumed that plaintiffs can prove not only every fact as

pleaded but if they have pleaded some facts within the theory expressed somewhat inexpertly—by saying which we intend no denigration of the existing allegations—that the pleading could be repaired by amendment.

Prior to the case of *Muskopf* v. *Corning Hospital Dist.* (1961) 55 Cal.2d 211 [11 Cal.Rptr. 89, 359 P.2d 457], a school district and/or its governing board, officers and employees were liable for negligence by statute (first under the provisions of School Code section 2.801 and later by section 903 of the Education Code;[1] see, e.g., *Taylor* v. *Oakland Scavenger Co.* (1938) 12 Cal.2d 310, 316 [83 P.2d 948]; see also, same case on later appeal (1941) 17 Cal.2d 594, 600 [110 P.2d 1044]).

In the *Muskopf* case our Supreme Court announced at the outset: "After a reevaluation of the rule of governmental immunity from tort liability we have concluded that it must be discarded as mistaken and unjust." (*Id.* at p. 213.) It was somewhat odd that it had ever developed on this side of the Atlantic Ocean anyway since it grew out of the theory "the king can do no wrong," antipodean to the very purpose for our departure from the other British colonies. (See Stumpf, Preface, Cal. Government Tort Liability (Cont.Ed.Bar) p. ix; *Muskopf*, fn. 1, p. 214.) It is described in harsher terms as an "anachronism, without rational basis." (*Muskopf* at p. 216.) Moreover, *Muskopf* also states, "In fact it does not exist," and Education Code section 903 is mentioned as one of a number of statutory reasons why it did not exist. (*Id.* at p. 216.)

A moratorium act (Stats. 1961, ch. 1404, p. 3209) was adopted by the Legislature "[t]o provide time for legislative consideration of the entire tort liability problem, and for development of sound solutions to the many-sided problems arising from abrogation of common law immunity . . . ." (Van Alstyne, Cal. Government Tort Liability (Cont.Ed.Bar 1964) § 4.16, pp. 105-106.) The Government Tort Claims Act was adopted in 1963.

The components of the California Tort Claims Act of 1963 were enacted in six separate legislative measures, a list of which may be found (to save prolixity) in the work last mentioned (*id.* § 5.5, pp. 123-124).

Education Code section 903 was repealed concurrently with enactment of California Tort Claims Act (Stats. 1963, ch. 1681, p. 3285). Government Code section 815.2 restored at least a part of this liability.[2]

---

[1]The material portion of section 903 at the time read as follows: "The governing board of any school district is liable as such in the name of the district for any judgment against the district on account of injury to person or property arising because of the negligence of the district, or its officers or employees."

[2]Section 815.2 of the Government Code reads: "(a) A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity

In *Dailey* v. *Los Angeles Unified Sch. Dist.* (1970) 2 Cal.3d 741 [87 Cal.Rptr. 376, 470 P.2d 360], the parents of a student who died following a skull fracture incurred while "slap boxing" on school grounds brought a wrongful death action against the school district and two of its teachers. The theory of the action was a failure by the school's officials to provide adequate supervision, and that this failure was a proximate cause of the death. The trial court granted a motion for a directed verdict. On appeal, our Supreme Court reversed the judgment, holding there was sufficient evidence for the case to be decided by the jury. That court, after stating the rule applicable to directed verdict motions, turned to a discussion of the duty owed by those in the position of the defendant school district and officials involved. It cited, inter alia, *Taylor* v. *Oakland Scavenger Co., supra,* 17 Cal.2d 594. In footnote 3 it quoted Government Code section 815.2 (see our fn. 2, the *Dailey* court's fn. 3, p. 747). In that footnote it deemed that section to be one of the basic sections of the Tort Claims Act, stating in the footnote (at pp. 747, 748): "It carries over to all 'public entities' (Gov. Code, § 811.2) the *respondeat superior* liability that previously had been imposed upon school districts by Education Code section 903," although, as it recognized, that section had been repealed concurrently with the enactment of the Tort Claims Act. It pointed out (in the footnote) that all of the cases which *Dailey* was to cite thereafter had been decided under the Education Code section. It cites Van Alstyne, California Government Tort Liability (Cont.Ed.Bar 1964) section 2.6, page 37, entitled "School District Negligence." It is unnecessary that we repeat herein all the cases cited by Professor Van Alstyne (as we shall not repeat all of the cases cited in *Dailey*). We note herein, however, an opinion of this court in *Raymond* v. *Paradise Unified School Dist.* (1963) 218 Cal. App.2d 1 [31 Cal.Rptr. 847]. *Dailey* goes on to state: ". . . While these cases may have been superseded in certain respects by subsequently enacted statutory provisions, they certainly have not been wholly abolished as precedent by the California Tort Claims Act. The pattern of vicarious liability for employees' negligence is essentially identical under both statutes. We have found no evidence indicating an intention on the part of the Legislature to alter the duty to provide supervision of students while on school grounds, the standard of care required of those undertaking to provide supervision, or the amount of evidence to support a finding of negligence. (See Gov. Code, § § 815-815.2 and the corresponding legis-

within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.

"(b) Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability."

lative committee comments.) Consequently, these cases remain valid authority for the proposition for which they are cited."

The *Dailey* opinion discusses the degree of care in the form of supervision which may be required—depending upon the ages of the students attending the school. It finds in the evidence of the record before the court, enough to find negligent supervision.

The similarity between the facts in *Dailey* and the facts pleaded here is such that disposition of the case at bench could not properly be made by sustaining a demurrer without leave to amend.

The argument of respondents is that the supervision owed under the facts pleaded is discretionary in nature. Therefore, it is claimed, Government Code section 820.2 applies.[3]

Assuming, without deciding, that that section *could* have some applicability under the evidence to be adduced in this case, it is irrelevant to the ruling by this court in this proceeding. We are not concerned at this stage with what the Legislature intended when it used the word "discretionary" in the section (see, e.g., *Johnson* v. *State of California* (1968) 69 Cal.2d 782 [73 Cal.Rptr. 240, 447 P.2d 352], where the Youth Authority had failed to notify the inhabitants of a foster home of known dangerous tendencies of a boy placed in that home, and the Supreme Court refused to classify such failure of notification as a "discretionary" act under the provisions of section 820.2), nor with the manner in which such section fits into the scheme of governmental tort immunity intended to be retained. (See, e.g., Legislative Committee Comment—Senate, West's Gov. Code Ann., § 820.2 and cases there cited; Van Alstyne, *op. cit.*, § 5.51 through § 5.56, inclusive, § 820.2, and Notes 2 and 3 to cross-references of § 820.) These are but a sampling of notes, law review articles and case law struggling with the meaning of section 820.2 in relation to Government Code section 815.2 and the rest of the Tort Claims Act generally.

■ Notwithstanding all of this learned written material, the meaning of section 820.2 is still not entirely clear. And in many situations and under evidence such as that which may be produced at the trial of this case, it may very well be that the case will fall within one of those situations where section 820.2 does not apply. Let us illustrate: Suppose it should develop that respondents have refused to exercise *any* discretion in the matter of supervision of safety of adolescents attending Sacramento High

---

[3]That section provides: "Except as otherwise provided by statute, a public employee is *not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused.*"

School—even an abused discretion, knowing that gangs of marauding hoodlums are endangering lives; that they have just turned their backs to the whole problem. Would section 820.2 apply? We would not so rule. Or suppose that at the time this incident took place, respondents had already exercised a discretion in the matter and had formulated a plan which respondents then put into operation negligently. Would section 820.2 clothe respondents with a protecting cloak of immunity? (The court in *Costley* v. *United States* (5th Cir. 1950) 181 F.2d 723, construing the Federal Tort Claims Act (similar to California's) did not think so. And see *Sava* v. *Fuller* (1967) 249 Cal.App.2d 281, 291 [57 Cal.Rptr. 312] (hg. den.).)

This court is not attempting either to evade the responsibility of decision or to furnish guidelines if and when the case is tried. With no evidence upon which to base a decision, it cannot make one.

Judgment is reversed.

Richardson, P. J., and Friedman, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied June 29, 1972.