[No. H023369. Sixth Dist. Aug. 13, 2002.]

NANCY CASTERSON, Petitioner, v.
THE SUPERIOR COURT OF SANTA CRUZ COUNTY, Respondent;
SAMUEL CARDOSO, JR., a Minor, etc., et al., Real Parties in Interest.

## Counsel

Fenton & Keller and Mark A. Cameron for Petitioner.

No appearance for Respondent.

Dawson, Passafuime & Bowden and Kathleen Morgan-Martinez for Real Parties in Interest.

## OPINION

### ELIA, J.—

## I. INTRODUCTION

In these original proceedings, the defendant in a personal injury action petitions for writ of mandate directing respondent court to vacate its order overruling her demurrer and to enter an order sustaining the demurrer without leave to amend. Petitioner Nancy Casterson is a public school teacher who contends that real party in interest Samuel Cardoso, Jr.'s claim that he was injured during a school field trip, as the result of her negligence in chaperoning the trip, is barred by the school field trip immunity set forth in Education Code section 35330.[1] Petitioner acknowledges that section 35330, subdivision (d) expressly includes only school districts and the State of California in its immunity provision. However, petitioner argues that under the principles of statutory interpretation, the statute should be construed to include the employees of school districts. Otherwise, the Legislature's intent to provide absolute immunity to school districts for personal injury claims arising from field trips would be undermined by the school district's vicarious liability under Government Code section 815.2, subdivision (a), for injuries caused by an employee in the course and scope of employment. We agree with petitioner, and for that reason we will issue a peremptory writ of mandate as requested.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. *The Complaint*

Real party in interest, plaintiff Samuel Cardoso, Jr. (Samuel or plaintiff), through his guardian ad litem, Samuel Cardoso, Sr., filed a personal injury action against defendants Nancy Casterson (Casterson or defendant) and the La Quinta Inn.[2] The complaint identifies Casterson as an employee of the Pajaro Valley Unified School District (School District) who was acting in the course and scope of her employment at all relevant times. Samuel was a fourth grade special education student who attended elementary school in the School District at the time of his injury.

According to the complaint, Samuel was injured during a school field trip to Sacramento. Casterson and other School District employees and volunteers were in charge of the 90-student field trip, which included an overnight

---

[1]All further statutory references are to the Education Code unless otherwise indicated.

[2]The La Quinta Inn is not a party to the present writ proceedings.

stay at the La Quinta Inn. Prior to the trip, Samuel's sister advised Samuel's teacher that Samuel could not swim. Nevertheless, defendants allowed Samuel to enter the pool at the La Quinta Inn and to be pushed by other students into the deep end, where Samuel sank to the bottom and nearly drowned. Casterson, who was Samuel's chaperone, allegedly "did not stay at the pool with Samuel and the other children under her care." As a consequence of the near drowning, Samuel allegedly suffered various physical and mental injuries.

The complaint further asserts that Samuel's near drowning was caused by the negligence of defendants, and states one cause of action for negligence. Plaintiff also alleges that his claim to School District was rejected. However, the complaint does not name School District as a defendant.

B. *The Demurrer*

Defendant Casterson responded to the complaint by filing a general demurrer pursuant to Code of Civil Procedure section 430.10, subdivision (e). The grounds for the demurrer were that the face of the complaint showed that an affirmative defense barred plaintiff's claim against defendant. Because the complaint alleged that plaintiff was injured during a school-sponsored field trip as the result of defendant's negligence while she was acting in the course and scope of her school district employment, defendant asserted that she was protected by the field trip immunity of section 35330. Although defendant acknowledged that section 35330 expressly immunizes only school districts and the State of California from personal injury claims arising from school field trips, she argued that school district employees must be included within the scope of section 35330 immunity because a school district is vicariously liable for the negligence of its employees and is obligated to pay any judgment against an employee, pursuant to Government Code sections 815.2 and 825.

In support of this argument, defendant cited this court's decision in *Barnhart v. Cabrillo Community College* (1999) 76 Cal.App.4th 818 [90 Cal.Rptr.2d 709] (*Barnhart*).) According to defendant, *Barnhart* makes clear that the statutory field trip immunity applies to school district employees, because this court affirmed summary judgment for both defendant community college district and defendant college coach on the basis of California Code of Regulations, title 5, section 55450, which in language identical to section 35330 provides field trip immunity expressly to community colleges and the State of California.

C. *Opposition to the Demurrer*

Plaintiff challenged defendant's contention that section 35330 must be construed to include school district employees within the scope of the field

trip immunity. Since section 35330 refers only to school districts and not to their employees, plaintiff argued that employees are excluded. Plaintiff further argued that where the Legislature intends to immunize public entity employees it expressly includes them in the immunizing statute, for example, as in section 44808 and Government Code section 821.4. Thus, plaintiff asserted, where the Legislature has not expressly included public employees within the scope of public entity immunity, the employees remain personally liable for their negligence.

Additionally, plaintiff distinguished this court's decision in *Barnhart* on grounds that the decision concerned community colleges only and did not address the issue of whether a school district employee is protected by the section 35330 field trip immunity.

### D. *The Trial Court's Order*

At the time of the hearing, the trial court overruled the demurrer. We are advised that no written order was prepared. In making its ruling, the court explained that the decision in *Barnhart* was not on point because it did not focus on the issue at bar. The court also declined to "legislate" the meaning of the various conflicting statutes, noting that there might be circumstances under which the employee was liable and the school district was not.

### III. DISCUSSION

### A. *Availability of Writ Relief*

■ An order overruling a demurrer is not directly appealable, but may be reviewed on appeal from the final judgment. (*San Diego Gas & Electric Co. v. Superior Court* (1996) 13 Cal.4th 893, 912-913 [55 Cal.Rptr.2d 724, 920 P.2d 669].) Appeal is presumed to be an adequate remedy and writ review is rarely granted unless a significant issue of law is raised, or resolution of the issue would result in a final disposition as to the petitioner. (*Curry v. Superior Court* (1993) 20 Cal.App.4th 180, 183 [24 Cal.Rptr.2d 495].) In the present case, writ review is warranted for both reasons. The petition raises the first impression issue of whether a school district employee is protected by the field trip immunity of section 35330 where it is alleged that a student was injured during a school-sponsored field trip as a result of the employee's negligence in the course and scope of employment. Also, resolution of this issue in defendant Casterson's favor will result in a final disposition as to Casterson.

### B. *Standard of Review*

■ The standard of review for an order overruling a demurrer is de novo. The reviewing court accepts as true all facts properly pleaded in the

complaint in order to determine whether the demurrer should be overruled. (*Sierra-Bay Fed. Land Bank Assn. v. Superior Court* (1991) 227 Cal.App.3d 318, 327 [277 Cal.Rptr. 753].) A general demurrer will lie where the complaint "has included allegations that *clearly* disclose some defense or bar to recovery." (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2002) ¶ 7:49, pp. 7-24 to 7-25, italics in original.) Thus, a demurrer based on an affirmative defense will be sustained only where the face of the complaint discloses that the action is necessarily barred by the defense. (*CrossTalk Production, Inc. v. Jacobson* (1998) 65 Cal.App.4th 631, 635 [76 Cal.Rptr.2d 615].) In the present case, we must determine whether the affirmative defense of the section 35330 field trip immunity necessarily bars plaintiff's personal injury claim against defendant Casterson.

## C. Section 35330 Field Trip Immunity

In *Barnhart, supra,* 76 Cal.App.4th 818, this court addressed field trip immunity in the context of a community college soccer team's trip to attend a soccer match. California Code of Regulations, title 5, section 55450, provides field trip immunity to community college districts in language identical to the field trip immunity for school districts set forth in section 35330.[3] The issue in *Barnhart* was whether California Code of Regulations, title 5, section 55450, field trip immunity barred personal injury claims against the community college and its soccer coach by soccer team members who were injured in an auto accident while en route to a match in a college van driven by the coach. This court concluded that the trial court had properly granted summary judgment for both the community college district and the coach, because the plaintiffs were injured during a field trip and therefore all defendants were immunized by the section 55450 field trip immunity. (*Barnhart, supra,* 76 Cal.App.4th at pp. 828-829.) However, in *Barnhart*, this court did not specifically address the propriety of applying field trip immunity to a community college employee in light of the express extension of field trip immunity only to the community college district and the State of California. It appears that the parties in *Barnhart* did not raise the issue of whether field trip immunity applied to the soccer coach as well as the community college district.

The parties have not cited and our own research has not revealed any reported decisions in which a school district employee was held personally liable for causing injury to a student in the course of a field trip, or

---

[3]In pertinent part, section 55450 provides that, "All persons making the field trip or excursion shall be deemed to have waived all claims against the district or the State of California for injury, accident, illness, or death occurring during or by reason of the field trip or excursion."

which have addressed the issue of whether field trip immunity applies to school district employees who participate in a field trip in the course and scope of their employment. However, review of the statutory scheme for public entity and school district liability, together with application of the principles of statutory interpretation, persuade us that the field trip immunity provided by section 35330 should apply to school district employees whose negligence in the course and scope of their employment has caused injuries to a student during a school field trip.

Field trip immunity is a relatively new creature of statute. The School Code, which preceded the Education Code, did not provide field trip immunity. In 1933, a school district was held vicariously liable for injuries to students sustained during a field trip when the bus carrying the students was involved in an accident due to the negligent driving of a school district employee. (*Bates v. Escondido U. H. School Dist.* (1933) 133 Cal.App. 725, 732.) At that time, former School Code section 2.801 expressly provided that school districts were liable for injuries to person or property arising from the negligence of school district employees. (*Bates*, at p. 732.) Subsequently, this provision was reenacted as Education Code section 903. (*Biggers v. Sacramento City Unified Sch. Dist.* (1972) 25 Cal.App.3d 269, 272 [101 Cal.Rptr. 706].) Section 903 was repealed concurrently with the enactment of the California Tort Claims Act in 1963. (*Biggers*, at p. 272.) The provision for vicarious school district liability was subsumed in the statutory provision for general public entity liability set forth in Government Code section 815.2: "A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." (Gov. Code, § 815.2, subd. (a).) At the same time, the general rule for public employee liability was codified in Government Code section 820, subdivision (a): "Except as otherwise provided by statute (including Section 820.2), a public employee is liable for injury caused by his act or omission to the same extent as a private person."

In 1967, a provision for field trip immunity was added to the Education Code for the first time. Former section 1081.5 authorized school districts to take students in sixth through eighth grade on a school-sponsored field trip to a foreign country, provided that "all persons making such excursion or field trip waive all claims against the district or the State of California for injury or death occurring during or by reason of the excursion or field trip." By 1976, the field trip immunity of section 1081.5 had been broadened to apply to all field trips. (See *Castro v. Los Angeles Bd. of Education* (1976) 54 Cal.App.3d 232, 234 [126 Cal.Rptr. 537].) The court in *Castro v. Los*

*Angeles Bd. of Education* determined that the waiver provision of section 1081.5 operated as a " 'deemed' waiver of responsibility by the pupil-participant on a field trip or excursion." (54 Cal.App.3d at p. 236, italics omitted.) The court concluded that "[s]tudents who are off of the school's property for required school purposes are entitled to the same safeguards as those who are on school property, within supervisorial limits. Students who participate in nonrequired trips or excursions, though possibly in furtherance of their education but not as required attendance, are effectively on their own; the voluntary nature of the event absolves the district of liability."[4] (*Castro,* at p. 236.) The Education Code was reorganized in 1976, and at that time section 1081.5 was replaced by section 35330.

Section 35330 currently provides authority to school districts or a county superintendent of schools to conduct field trips. The provision for field trip immunity is now found in subdivision (d): "All persons making the field trip or excursion shall be deemed to have waived all claims against the district or the State of California for injury, accident, illness, or death occurring during or by reason of the field trip or excursion." Since section 35330 was enacted, decisions construing that section have focused on issues relating to the application of the field trip immunity to various student activities. In particular, the interaction of the absolute field trip immunity of section 35330 and the qualified immunity for off-premises school activities of section 44808 has been the subject of discussion in several appellate decisions.

Section 44808 provides in relevant part that "no school district . . . shall be responsible or in any way liable for the conduct or safety of any pupil of the public schools at any time when such pupil is not on school property, unless such district . . . has undertaken to provide transportation for such pupil to and from the school premises, has undertaken a school-sponsored activity off the premises of such school, has otherwise specifically assumed such responsibility or liability or has failed to exercise reasonable care under the circumstances." (*Hoyem v. Manhattan Beach City Sch. Dist., supra,* 22 Cal.3d 508, 516-517.) At present, the consensus of opinion appears to be that "[a] field trip is a special type of off-premises activity, making section 35330 the special statute, should both statutes apply." (*Wolfe v. Dublin Unified School Dist.* (1997) 56 Cal.App.4th 126, 135 [65 Cal.Rptr.2d 280, 68 A.L.R.5th 787] [school district immune from liability for injury to first grader during field trip to family farm]; *Myricks v. Lynwood Unified School*

---

[4]In *Barnhart,* we noted that the statements in *Castro v. Los Angeles Bd. of Education, supra,* 54 Cal.App.3d at page 236, regarding the voluntary or involuntary nature of a field trip or excursion were dicta and of questionable validity. (*Barnhart, supra,* 76 Cal.App.4th at p. 827; see also *Hoyem v. Manhattan Beach City Sch. Dist.* (1978) 22 Cal.3d 508, 518, fn. 3 [150 Cal.Rptr. 1, 585 P.2d 851].)

*Dist.* (1999) 74 Cal.App.4th 231, 239 [87 Cal.Rptr.2d 734] [field trip immunity precluded school district's liability for auto accident injuries to high school basketball players on tournament road trip]; *Barnhart, supra,* 76 Cal.App.4th at p. 829 [under analogous regulation (Cal. Code Regs., tit. 15, § 55450) soccer team travel to a match is a field trip to which immunity applies].)

■ In reaching these conclusions, the appellate courts have agreed with the definitions of "field trip" and "excursion" set forth in *Castro v. Los Angeles Bd. of Education,* which are used in applying the field trip immunity of section 35330: " 'Field trip' is defined as a visit made by students and usually a teacher for purposes of first hand observation (as to a factory, farm, clinic, museum). 'Excursion' means a journey chiefly for recreation, a usual brief pleasure trip, departure from a direct or proper course, or deviation from a definite path." (*Castro v. Los Angeles Bd. of Education, supra,* 54 Cal.App.3d 232, 236, fn. 1; *Barnhart, supra,* 76 Cal.App.4th at p. 828; *Wolfe v. Dublin Unified School Dist., supra,* 56 Cal.App.4th at p. 132.) In the present case, based on the allegations of the complaint, plaintiff does not dispute that he was in the course of a field trip when he was allegedly injured.

### D. *Field Trip Immunity Applies to Defendant*

■ Plaintiff alleges that he was injured during a field trip due to the negligence of a School District employee, but he has not named School District as a defendant. Thus, plaintiff implicitly concedes that School District is immunized from liability for plaintiff's injuries by the section 35330 field trip immunity. However, plaintiff asserts that he may sue defendant Casterson, the School District employee he believes to be responsible for his injuries, because school district employees are not expressly immunized by section 35330.

Plaintiff is correct that section 35330 does not expressly include employees, while other Education Code provisions that limit liability for personal injury claims, such as section 44808[5] and section 44808.5,[6] do expressly include employees. Defendant argues that section 35330 must be construed to include school district employees within the scope of the field trip

---

[5]Section 44808 provides in pertinent part that "Notwithstanding any other provision of this code, no school district, city or county board of education, county superintendent of schools, or any officer *or employee* of such district or board shall be responsible or in any way liable for the conduct or safety of any pupil of the public schools at any time when such pupil is not on school property, unless . . . ." (Italics added.)

[6]Section 44808.5 provides that "Neither the school district nor any officer *or employee* thereof shall be liable for the conduct or safety of any pupil during such time as the pupil has left the school grounds [during the lunch period]." (Italics added.)

immunity, in order to preserve the legislative purpose of immunizing school districts from liability for field trip injuries. Plaintiff responds that the exclusion of employees, in contrast to other statutes expressly including employees, shows that the Legislature did not intend to immunize school district employees from personal liability for field trip injuries.

The principles of statutory interpretation support defendant's argument. "In statutory construction cases, our fundamental task is to ascertain the intent of the lawmakers so as to effectuate the purpose of the statute. [Citation.] 'We begin by examining the statutory language, giving the words their usual and ordinary meaning.' [Citations.] If the terms of the statute are unambiguous, we presume the lawmakers meant what they said, and the plain meaning of the language governs. [Citations.] If there is ambiguity, however, we may then look to extrinsic sources, including the ostensible objects to be achieved and the legislative history. [Citation.] In such cases, we ' " 'select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences.' " ' " (*Estate of Griswold* (2001) 25 Cal.4th 904, 910-911 [108 Cal.Rptr.2d 165, 24 P.3d 1191], quoting *Day v. City of Fontana* (2001) 25 Cal.4th 268, 272 [105 Cal.Rptr.2d 457, 19 P.3d 1196].)

Thus, the first question in statutory interpretation is whether the statute is ambiguous. Statutory language may be ambiguous on its face, or it may be "shown to have a latent ambiguity such that it does not provide a definitive answer." (*Lewis v. County of Sacramento* (2001) 93 Cal.App.4th 107, 119 [113 Cal.Rptr.2d 90].) We find that section 35330 has a latent ambiguity. While the statute expressly includes school districts within the scope of field trip immunity, it omits school district employees. The exclusion of employees leads to ambiguity because a school district is vicariously liable for the negligence of employees in the course and scope of their employment, pursuant to Government Code section 815.2. As one commentator has noted, "Public employee liability based on torts committed within the scope of employment generally does not result in personal loss to the employee. The public entity employer, even when not joined as a defendant, has a statutory duty to indemnify the employee in such cases, at least in the absence of actual fraud, malice, or corruption, or failure of the employee to cooperate in the defense of the action." (Coates et al., Cal.Government Tort Liability Practice (Cont.Ed.Bar 4th ed. 2001) § 9.4.)

Plaintiff alleges that defendant was acting in the course and scope of her school district employment when she negligently supervised students during a field trip and caused plaintiff's near drowning. Therefore, if defendant

were to be held liable, School District would be obligated to pay any judgment against her. (Gov. Code, § 825.) Plaintiff will have circumvented School District's field trip immunity by indirectly obtaining recovery from School District. Thus, our concern is that the field trip immunity of section 35330 will be severely limited in scope if plaintiffs can recover indirectly for field trip injuries by suing a negligent school district employee, since a school district necessarily acts through its employees in conducting students on school-sponsored field trips.

In order to discern the Legislature's intent in this regard, we have reviewed the available legislative history for section 35330 and its predecessor statute, former section 1081.5. Our review indicates that the Legislature was concerned that the financial costs of field trips not burden school districts. For example, before section 1081.5 was added to the Education Code by the passage of Assembly Bill No. 2582 (1967 Reg. Sess.), the Legislative Counsel's Digest summarized the bill as follows: "Authorizes excursions and field trips to foreign country adjacent to this state for elementary pupils in grades six to eight, when conducted pursuant to agreement for cultural exchange of pupils, and *all travel and maintenance expenses are paid by pupils and employees or P.T.A. or like organization.*" (Legis. Counsel's Dig., Assem. Bill No. 2582 (1967 Reg. Sess.), italics added.) The waiver provision was also noted in the legislative history. A bill memorandum from the Senate's legislative secretary stated, "The bill also provides that all persons making such excursion[s] waive all claims against district or state for injury or death occurring during or by reason of such excursion." A handwritten note on the bill memorandum adds, "No tax payers [*sic*] expense." (Vernon L. Sturgeon, bill memorandum to Governor Reagan re Assem. Bill No. 2582 (1967 Reg. Sess.) Aug. 25, 1967.)

From these legislative history materials, we discern that one aspect of the Legislature's intent in enacting former section 1081.5 in 1967 was to authorize school field trips upon the condition that no public funds be expended for the trips. We further discern that the waiver provision was added in furtherance of this purpose, because it prevents school district exposure to personal injury claims arising from field trips. This intent is apparent throughout the amendments to field trip immunity provisions of former section 1081.5 and section 35330, since the waiver provision has been carried over in each amendment with only slight changes.[7]

In our review of the legislative history materials for former section 1081.5 and section 35330, we have found only one mention of the statutes' omission

[7]Education Code section 35330, Statutes 1976, chapter 1010, section 2, pages 3084-3085, as amended by Statutes 1977, chapter 36, section 132, pages 141-143; Education Code of 1959, section 1081.5, added by Statutes 1971, chapter 1808, section 2, page 3910, amended

of any provision for the waiver of field trip injury claims against school district employees. In a 1967 memorandum to Governor Reagan concerning Assembly Bill No. 2582, the Office of the Attorney General stated, "The bill also provides that all persons making such excursion must waive all claims against school districts or the State for injury or death occurring during or by reason of such excursion . . . however, the bill does not provide specifically for waiver of claims for negligent acts of employees of the school district or employees of the State of California. It is doubtful that a court would construe a waiver of actions against the State or the school district as including a waiver of actions for negligence against employees thereof. Since such employees are indemnified under the provisions of section 825, et seq., of the Government Code for acts of negligence occurring within the scope of their employment, it is entirely possible that the State or a local district might end up paying a judgment even in the presence of a waiver of all claims against the public entities themselves." (Associate Atty. Gen. Willard A. Shank, mem. to Governor Ronald Reagan re Assem. Bill No. 2582 (1967 Reg. Sess.) Aug. 22, 1967.)

We can find no indication in the legislative history materials that the Attorney General's mention of the omission in Assembly Bill No. 2582 of a statutory waiver provision expressly applicable to school district employees was brought to the attention of the Legislature while the bill was pending, or that the omission was considered by the Legislature at any time during the subsequent revisions to former section 1081.5 and section 35330. Therefore, we cannot rely upon the Attorney General's memorandum to Governor Reagan as an expression of legislative intent. ■ Unless a letter or memorandum to the Governor refers explicitly to legislative debates or discussions, or indicates that the views expressed in the letter or memorandum were presented to the legislators who voted on the bill, it is not cognizable legislative history. (*Harrot v. County of Kings* (2001) 25 Cal.4th 1138, 1163 [108 Cal.Rptr.2d 445, 25 P.3d 649]; *California Teachers Assn. v. San Diego Community College Dist.* (1981) 28 Cal.3d 692, 701 [170 Cal.Rptr. 817, 621 P.2d 856]; *Heavenly Valley v. El Dorado County Bd. of Equalization* (2000) 84 Cal.App.4th 1323, 1341 [101 Cal.Rptr.2d 591].)

■ Therefore, in accordance with our review of the legislative history, we conclude that a statutory interpretation of section 35330 that includes school district employees within the scope of the field trip immunity is correct. Including school district employees is necessary to avoid the absurd consequence of the de facto elimination of the field trip immunity for school districts, which the Legislature intended to provide when it enacted former section 1081.5 and section 35330.

by Statutes 1972, chapter 20, section 1, page 25; Education Code of 1959, section 1081.5, added by Statutes 1967, chapter 1627, section 1, page 3895.

■ Plaintiff's contrary statutory interpretation is based on the maxim *expressio unius est exclusio alterius*: "The expression of some things in a statute necessarily means the exclusion of other things not expressed." (*Gikas v. Zolin* (1993) 6 Cal.4th 841, 852 [25 Cal.Rptr.2d 500, 863 P.2d 745].) However, the maxim *expressio unius est exclusio alterius* "is inapplicable where its operation would contradict a discernible and contrary legislative intent." (*Wildlife Alive v. Chickering* (1976) 18 Cal.3d 190, 195 [132 Cal.Rptr. 377, 553 P.2d 537].) Plaintiff's statutory interpretation must be rejected because it contradicts the discernible legislative intent to protect school districts from exposure to personal injury claims arising from field trips. As we have discussed, it is consistent with legislative intent to construe section 35330 as extending field trip immunity to school district employees in order to protect a school district from vicarious liability for an employee's alleged negligence in the course and scope of employment during a field trip.

■ Accordingly, because the allegations of the complaint state that defendant Casterson, while in the course and scope of her School District employment, negligently caused plaintiff's injuries during a school field trip, the face of the complaint shows that plaintiff's personal injury claim against her is barred by the affirmative defense of the section 35330 field trip immunity. Therefore, defendant's demurrer should have been sustained without leave to amend. "Leave to amend should be denied where the facts are not in dispute and the nature of the claim is clear, but no liability exists under substantive law." (*Lawrence v. Bank of America* (1985) 163 Cal.App.3d 431, 436 [209 Cal.Rptr. 541].)

## IV. DISPOSITION

Let a peremptory writ of mandate issue directing respondent court to vacate its order overruling the demurrer of defendant Nancy Casterson, and to enter a new order sustaining the demurrer without leave to amend. The temporary stay order is vacated. Each party is to bear its own costs in this original proceeding.

Premo, Acting P. J., and Wunderlich, J., concurred.