[No. E032585. Fourth Dist., Div. Two. Aug. 25, 2003.]

MICHAEL D. FREEMAN, Plaintiff and Appellant, v. WAL-MART STORES, INC., Defendant and Respondent.

## COUNSEL

Geller, Stewart & Foley, Michael S. Geller and Richard A. Stewart for Plaintiff and Appellant.

Gibson, Dunn & Crutcher, Richard P. Levy and Robert H. Garretson for Defendant and Respondent.

## OPINION

GAUT, J.—Plaintiff Michael D. Freeman appeals judgment entered in favor of defendant Wal-Mart Stores, Inc. (Wal-Mart), after the trial court sustained Wal-Mart's demurrer and motion for summary judgment.

This action arises from plaintiff suing Wal-Mart for charging customers a service fee if they do not use their Wal-Mart shopping cards within 24 months. Plaintiff alleges in his complaint that the service fee is unconscionable and thus unlawful under Civil Code section 1770, subdivision (a)(19) of the Consumers Legal Remedies Act.[1] Plaintiff also alleges the service fee violates section 1749.5 and thus constitutes an unfair business practice under Business and Professions Code section 17200.

On appeal plaintiff argues the trial court erred in sustaining Wal-Mart's demurrer as to plaintiff's first cause of action for violation of the Consumers Legal Remedies Act. Plaintiff claims that not only did the trial court err in finding the service fee term was not unconscionable, but in addition, plaintiff should have been given an opportunity to present evidence on the matter.

As to the court's summary judgment ruling, plaintiff contends that the trial court erred in finding that the shopping card does not violate section 1749.5 since it does not contain an expiration date. ▮ Section 1749.5 prohibits selling gift certificates that have expiration dates. Plaintiff contends the service fee constituted, in effect, an expiration date because the fee was deducted from the shopping card balance and the card therefore expired once the balance was exhausted by the monthly service fee.

We reject plaintiff's contentions. The trial court appropriately concluded the service fee was not an unconscionable term and thus did not abuse its discretion in sustaining Wal-Mart's demurrer to the first cause of action. The trial court also did not err in granting summary judgment since Wal-Mart

---

[1] Civil Code section 1750 et seq. Unless otherwise noted, all statutory references are to the Civil Code.

shopping cards do not contain expiration dates and therefore do not violate section 1749.5. The judgment is affirmed.

## 1. FACTS AND PROCEDURAL BACKGROUND

Plaintiff filed a lawsuit against Wal-Mart alleging the following three causes of action: (1) violation of Consumers Legal Remedies Act; (2) unfair business practices; and (3) declaratory relief.

Plaintiff alleges in his complaint that he purchased a $20 Wal-Mart gift card on August 13, 2001. Attached to the complaint is a copy of the front and back of the card. Also attached to the complaint as an exhibit is the purchase receipt for the card. The receipt refers to the purchased item as a "gift card."

The face of the card, which is similar in appearance to a credit card, states "Wal-Mart/Sam's Club Shopping Card." The back of the card states in part: "After 24 months of non-use, a service fee of $1.00 per month will begin to be deducted from the remaining balance of the card." Plaintiff alleges in his complaint that this term is "an effective expiration date" in violation of section 1749.5.

Plaintiff alleges in the first cause of action for violation of the Consumers Legal Remedies Act that "The taking of a 'service fee' constitutes is [*sic*] an effective expiration date and as such, constitutes an Unconscionable Contract Term under the CLRA Section 1770(a)(19) Civil Code."

In the second cause of action for unfair business practices, plaintiff alleges "The taking of a service charge for non-use constitutes an effective expiration date and is illegal under 1749.5 Civil Code .... Taking such 'fees' causes a windfall to Wal-Mart Stores and is illegal and therefore, constitutes an unfair business practice as defined by Section 17200 Business & Professions Code."

The third cause of action for declaratory relief seeks a determination as to whether the Wal-Mart shopping cards are gift certificates subject to section 1749.5 and whether the service fee charged for nonuse of the card constitutes "an effective expiration date" under the statute.

Wal-Mart demurred to the complaint in part on the grounds the shopping card is not a gift certificate, does not violate section 1749.5 because the card does not have an expiration date, and the service fee is not an unconscionable term. The trial court sustained Wal-Mart's demurrer to the first cause of action, with 20 days leave to amend, on the ground the card is not unconscionable. The trial court overruled Wal-Mart's demurrer to the remaining two causes of action on the ground it was inappropriate to decide at the demurrer stage whether the card violated section 1749.5. Plaintiff did not amend his complaint.

After answering the complaint, Wal-Mart moved for summary judgment on the ground the sale of Wal-Mart shopping cards does not violate section 1749.5. Plaintiff opposed the motion on the ground the cards are gift certificates with expiration dates in the form of "service fees," and thus violate section 1749.5.

For purposes of the summary judgment motion, plaintiff and Wal-Mart stipulated to the following facts. Wal-Mart sells plastic cards (shopping cards) that the holder can use to pay for purchases made at either Wal-Mart or Sam's West, Inc. (Sam's) stores nationwide. On August 13, 2001, plaintiff requested to purchase a gift card at Sam's. He was sold a card labeled "Shopping Card." A Wal-Mart shopping card initially has a balance of $0. When a customer purchases the card, the amount paid becomes the balance on the card. The customer may use the card to purchase merchandise up to the balance. The balance may be increased by paying an additional sum. Even if the customer uses up the card balance, the customer may subsequently add funds to the balance and continue using the card. If the card is not used for 24 months, a monthly service fee of $1 is deducted from the card balance. A cardholder may cancel the card or obtain a replacement card, such as when it is lost or stolen. Plaintiff's purchase receipt for the card, said "Gift Card." The attendant who receives calls from customers dialing the toll-free number listed on the back of the card, answers, "Gift Card Hotline." The cards are currently labeled "Shopping Cards," but until September 2000, they were labeled "Gift Cards."

The parties also agreed the back of the cards contained certain specified language, including a phone number for balance inquiries and the following language: "After 24 months of non-use, a service fee of $1.00 per month will begin to be deducted from the remaining balance of the card." This was also stated on the card packaging, a copy of which was attached to Wal-Mart's attorney's supporting declaration.

Following oral argument, the trial court granted Wal-Mart summary judgment and executed an order on July 24, 2002, stating that summary judgment was granted on the ground Wal-Mart's shopping cards do not contain an expiration date and thus they do not violate section 1749.5.

Two days after the court signed the summary judgment order, plaintiff served an alternative order granting summary judgment, which the court signed on August 19, 2002. The second order was signed by a different judge than the one who ruled on the summary judgment motion and signed the first summary judgment order. It appears the judge who signed the second order was unaware that an order had already been entered.

## 2. SUMMARY JUDGMENT

Plaintiff contends the trial court erred in sustaining Wal-Mart's demurrer and granting Wal-Mart's summary judgment motion. The principal issue in this case is whether the trial court erred in ruling as a matter of law that Wal-Mart shopping cards do not violate section 1749.5.

### A. *Summary Judgment Standard of Review*

On appeal from a summary judgment entered in favor of the Wal-Mart, we review the trial court's decision de novo, applying the rule that a defendant is entitled to summary judgment if the record establishes as a matter of law that either plaintiff cannot prevail on any of plaintiff's asserted causes of action or plaintiff cannot establish one or more elements.[2]

### B. *Statutory Construction Principles*

Plaintiff's second and third causes of action, which were the subject of defendant's summary judgment motion, alleged that the service fee was in effect an expiration date and thus the shopping cards violated section 1749.5, which prohibits gift certificates from having expiration dates. In determining whether plaintiff's contention has merit we must apply section 1749.5 to the instant case.

Our analysis as to whether Wal-Mart's cards violate section 1749.5 starts with the fundamental premise that " 'the objective of statutory interpretation is to ascertain and effectuate legislative intent. [Citations.] In determining intent, we look first to the words themselves. [Citations.] When the language is clear and unambiguous, there is no need for construction. [Citations.] When the language is susceptible of more than one reasonable interpretation, however, we look to a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part. [Citations.]' [Citation.] 'The meaning of a statute may not be determined from a single word or sentence; the words must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible. [Citation.]' "[3]

---

[2] *Miscione v. Barton Development Co.* (1997) 52 Cal.App.4th 1320, 1324–1325 [61 Cal.Rptr.2d 280]; *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 853 [107 Cal.Rptr.2d 841, 24 P.3d 493]; Code of Civil Procedure section 437c, subdivision (o)(2).

[3] *In re Walters* (1995) 39 Cal.App.4th 1546, 1555 [47 Cal.Rptr.2d 279], disapproved on other grounds in *In re Hoddinott* (1996) 12 Cal.4th 992 [50 Cal.Rptr.2d 706, 911 P.2d 1381]; *People v. Woodhead* (1987) 43 Cal.3d 1002, 1007–1008 [239 Cal.Rptr. 656, 741 P.2d 154];

## C. *Construing Section 1749.5*

Section 1749.5 provides in relevant part: "(a) On or after January 1, 1997, it is unlawful for any person or entity to sell a gift certificate to a purchaser containing an expiration date. Any gift certificate sold after that date shall be redeemable in cash for its cash value, or subject to replacement with a new gift certificate at no cost to the purchaser or holder. [¶] (b) A gift certificate sold without an expiration date is valid until redeemed or replaced. [¶] (c) This section shall not apply to any of the following gift certificates issued on or after January 1, 1998, provided the expiration date appears in capital letters in at least 10-point font on the front of the gift certificate ...."

The language of section 1749.5 is clear and unambiguous to the extent it states that, other than in certain specified instances which are inapplicable in the instant case, a gift certificate is unlawful if it has an expiration date. Since section 1749.5 is clear in this regard, we need not consider extrinsic evidence. Plaintiff's motion for judicial notice of the legislative history of section 1749.5 is therefore denied.

While the statute may be unclear as to whether the Wal-Mart shopping card constitutes a gift certificate, since the statute does not define the term, the statute is clear that it pertains to gift certificates with expiration dates. Regardless of whether plaintiff's shopping card qualifies as a gift certificate within the meaning of section 1749.5, the card does not violate section 1749.5 since it does not have an expiration date.

Plaintiff argues the card service fee, in effect, is an expiration date since, if the card is not used within 24 months, Wal-Mart imposes a $1 monthly fee which is deducted from the value of the card until the card no longer has any value. But this does not constitute a predetermined expiration date at which time the card loses its entire value.

The shopping card is similar to a debit card. The card user has an account from which the user can make purchases up to the amount of the prepaid balance on the card. Money can be added to the account at any time. As long as there is a balance, the card owner may use it for purchases. There is no fixed date as to when the card expires. Even if there is a $0 balance, the cardholder may add money to the balance and continue using the card if the card account has not been canceled.

Since the shopping card does not have a specified, predetermined expiration date upon which the card loses its entire value and can no longer be

*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299]; *Barnhart v. Cabrillo Community College* (1999) 76 Cal.App.4th 818, 821 [90 Cal.Rptr.2d 709].

used, the shopping card does not violate section 1749.5 as a matter of law. The trial court thus properly granted summary judgment as to the second and third causes of action.

It appears Wal-Mart has renamed its "gift card" a "shopping card" and changed its gift card terms to circumvent the section 1749.5 prohibition against gift certificate expiration dates. Plaintiff also may very well have a valid complaint that the shopping card defeats the Legislature's objective of enacting section 1749.5 to protect the unwary consumer from ending up with a worthless gift certificate. Nevertheless, it is not the role of this court to legislate judicially the manner in which this objective is to be achieved. The shopping card does not violate section 1749.5 since it does not have a predetermined expiration date, at which time the entire original value of the card is forfeited. Section 1749.5 does not address the type of card which is the subject of this action and it is not for this court to fill the statutory void.

We thus leave it to the Legislature to prohibit this type of card if the Legislature deems the service fee provision reprehensible. And in fact the California Legislature has just enacted as of July 24, 2003, Assembly Bill No. 1092, which amends Civil Code section 1749.5, adds section 1749.45, and amends Code of Civil Procedure section 1520.5, relating to gift cards containing service fees. Pursuant to Civil Code section 1749.5, as amended, the changes made to section 1749.5 shall apply only to gift certificates issued on or after January 1, 2004. This opinion thus pertains only to gift cards and certificates issued prior to January 1, 2004.

### 3. DEMURRER TO FIRST CAUSE OF ACTION

During the hearing on Wal-Mart's demurrer to plaintiff's complaint, the trial court tentatively ruled: "[T]he issues of class are premature unless and until there's a request to certify a class. [¶] The issue of whether or not the card does or does not violate 1749.5 is premature. [¶] I do not think it's premature for me to address 1750 [the first cause of action], however. I'm comfortable at this time finding that this card, whatever it is, is not unconscionable and throwing that out, although I'll give you leave to amend ...." The court stated it would sustain the demurrer as to the first cause of action and overrule it as to the second and third causes of action.

After the parties argued the matter, the court sustained the demurrer to the first cause of action, with 20 days leave to amend, and overruled the demurrer as to the second and third causes of action. Plaintiff did not amend the first cause of action. He contends on appeal the trial court erred in sustaining the demurrer to the first cause of action.

The scope of our review is limited to a determination of whether the demurrer was erroneously sustained and whether such a determination was an

abuse of discretion. "All material facts pleaded in the complaint and those which arise by reasonable implication are thus deemed true. We determine the legal sufficiency of the alleged facts to state a cause of action."[4]

Plaintiff alleges in the first cause of action that "[t]he taking of a 'service fee' constitutes is [sic] an effective expiration date and as such, constitutes an Unconscionable Contract Term under the CLRA [Consumers Legal Remedies Act] Section 1770(a)(19) Civil Code."

Section 1770, subdivision (a)(19) provides: "(a) The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful: [¶] ... [¶] (19) Inserting an unconscionable provision in the contract." "Unconscionability is ultimately a question of law for the court. [Citations.]"[5]

In 1979, the Legislature enacted section 1670.5, "which codified the principle that a court can refuse to enforce an unconscionable provision in a contract."[6] Plaintiff argues the trial court erred in sustaining Wal-Mart's demurrer because under section 1670.5, subdivision (b), plaintiff is entitled to submit evidence on the issue of unconscionability of the shopping card. That provision states: "When it is claimed or appears to the court that the contract or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose, and effect to aid the court in making the determination."

But plaintiff was not deprived of submitting evidence on the issue of unconscionability. Plaintiff alleged facts concerning the commercial setting, purpose, and effect of the shopping card terms, and for purposes of ruling on the demurrer, the court was required to deem those facts true as though founded on evidence, as well as those which arose by reasonable implication. In addition, attached to the complaint were exhibits consisting of copies of the shopping card receipt, the front and back of the shopping card, and a letter requesting Wal-Mart to modify its gift certificate policy. The trial court also granted plaintiff leave to amend and he chose not to do so, thus conceding there was nothing further he could allege nor any further facts or evidence that supported his claim.

The Legislative Committee comment to section 1670.5 noted that "Section 1670.5 is intended to make it possible for the courts to police explicitly

---

[4] *Cutujian v. Benedict Hills Estates Assn.* (1996) 41 Cal.App.4th 1379, 1383 [49 Cal.Rptr.2d 166].

[5] *American Software, Inc. v. Ali* (1996) 46 Cal.App.4th 1386, 1391 [54 Cal.Rptr.2d 477].

[6] *Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 114 [99 Cal.Rptr.2d 745, 6 P.3d 669].

against the contracts or clauses which they find to be unconscionable .... This section is intended to allow the court to pass directly on the unconscionability of the contract or particular clause therein and to make a conclusion of law as to its unconscionability. The basi[c] test is whether, in the light of the general background and the needs of the particular case, the clauses involved are so one-sided as to be unconscionable under the circumstances existing at the time of the making of the contract. Subdivision (b) makes it clear that it is proper for the court to hear evidence upon these questions. The principle is one of the prevention of oppression and unfair surprise [citation] and not of disturbance of allocation of risks because of superior bargaining power."[7]

In discussing unconscionability within the meaning of section 1670.5, our high court in *Armendariz v. Foundation Health Psychcare Services, Inc.* stated that "As explained in *A & M Produce Co.*,[8] 'unconscionability has both a "procedural" and a "substantive" element,' the former focusing on ' "oppression" ' or ' "surprise" ' due to unequal bargaining power, the latter on ' "overly harsh" ' or ' "one-sided" ' results. [Citation.] 'The prevailing view is that [procedural and substantive unconscionability] must *both* be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability.' [Citation.] But they need not be present in the same degree. 'Essentially a sliding scale is invoked which disregards the regularity of the procedural process of the contract formation, that creates the terms, in proportion to the greater harshness or unreasonableness of the substantive terms themselves.' [Citations.] In other words, the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa."[9]

Recognizing that unconscionability is a flexible doctrine designed to allow courts to consider numerous factors in determining whether a contract is unconscionable, we conclude the trial court did not abuse its discretion in finding the shopping card fee term not unconscionable. As discussed above the fee was not a violation of section 1749.5 since it was not a predetermined expiration date. Furthermore, the shopping card terms were not shockingly one-sided or surprising to the consumer. The card stated on the back (and in an enclosure accompanying the card) that a monthly $1 fee would be imposed if the card was not used within 24 months. The fee would continue until the balance of the card was reduced to zero by the monthly fee but imposition of the fee would cease upon use of the card. Plaintiff had the

---

[7] Legislative Committee Comment—Assembly, 1979 Addition, 9 West's Annotated Civil Code (1985 ed.) foll. § 1670.5, page 493; see also *A & M Produce Co. v. FMC Corp.* (1982) 135 Cal.App.3d 473 [186 Cal.Rptr. 114].

[8] *A & M Produce Co. v. FMC Corp., supra,* 135 Cal.App.3d at page 473.

[9] *Armendariz v. Foundation Health Psychcare Services, Inc., supra,* 24 Cal.4th at page 114.

option of using the card within two years without incurring a fee and, after two years, could terminate the fee at any time by using the card.

The shopping card also was not an adhesion contract. Plaintiff was not subjected to a take-it-or-leave-it situation in which there was no reasonable alternative but to accept the shopping card terms. Plaintiff could simply decline to purchase a shopping card and make purchases by other means.

Under the circumstances and facts alleged in the complaint, we conclude the trial court did not abuse its discretion in sustaining Wal-Mart's demurrer to the first cause of action with leave to amend. Plaintiff chose not to amend to allege additional facts establishing unconscionability, and the court appropriately entered judgment in favor of Wal-Mart, after granting Wal-Mart's summary judgment motion as to the remaining two causes of action.

### 4. DISPOSITION

The judgment is affirmed. Each party to bear their own costs.

Plaintiff's motion for judicial notice of the legislative history of section 1749.5, filed on January 10, 2003, is denied.

The order, filed on August 19, 2002, entitled "Proposed Alternative Regarding Wal-Mart for Summary Judgment or in the Alternative Summary Adjudication," signed by Judge Cunnison on August 19, 2002, is deemed void since Judge Cunnison was without jurisdiction to enter the second order. Judge Tranbarger had already entered an order on July 24, 2002, granting summary judgment.

Ramirez, P. J., and Hollenhorst, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 12, 2003.