[No. D054560. Fourth Dist., Div. One. Mar. 23, 2010.]

OCTAVIO SANCHEZ et al., Plaintiffs and Appellants, v.
SAN DIEGO COUNTY OFFICE OF EDUCATION et al., Defendants and
Respondents.

■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■

**COUNSEL**

The Viviano Law Firm and Charles A. Viviano for Plaintiffs and Appellants.

Stutz Artiano Shinoff & Holtz, Daniel R. Shinoff and Paul V. Carelli IV for Defendants and Respondents.

OPINION

**McDONALD, J.**—Education Code section 35330 (section 35330) provides a school district immunity from liability for school district student injuries occurring during a field trip conducted by the school district. In this action, we decide whether section 35330 provides a school district immunity from liability for student injuries occurring during a field trip on property owned and operated by a school district, which was not the school district in which the student attended school. The trial court found the school district was entitled to the immunity afforded by section 35330, and this appeal followed.

I

FACTUAL AND PRODECURAL BACKGROUND

A. *The Facts*

San Diego County Office of Education (SDCOE) is a school district within the meaning of that term in section 35330. It owns and operates a facility known as Camp Fox, an outdoor school facility located at the base of Palomar Mountain. All of the employees of Camp Fox are employed by SDCOE. Camp Fox provides science-related programs to student attendees.

In February 2006, Virginia Sanchez was a sixth grade student attending McCabe Elementary School, a school within the McCabe Union School District. During the week of February 13, 2006, Virginia (along with class-mates and teachers from McCabe Elementary) attended Camp Fox for a five-day field trip, commonly known as "sixth grade camp." Attendance at sixth grade camp was voluntary.

On February 16, 2006, while at Camp Fox, Virginia suffered an asthma coronary attack. Camp counselors gave Virginia her asthma inhaler, and performed CPR until paramedics arrived. However, by the time paramedics were able to airlift Virginia to Children's Hospital, she had died from natural causes.

B. *The Lawsuit and Judgment*

As a result of Virginia's death, her parents (Parents) filed this action for damages against SDCOE alleging it (1) was negligent in not providing adequate medical staffing at Camp Fox, and (2) negligently misrepresented the level of medical staffing that would be provided at Camp Fox.

SDCOE moved for summary judgment, asserting the facts were undisputed and the only disputed issue was whether the immunity provided by section 35330 applied to SDCOE on the facts of this case. Parents did not identify any disputed facts,[1] but instead asserted that SDCOE was not protected by the immunity conferred by section 35330. The trial court entered judgment in favor of SDCOE. This appeal followed.

II

ANALYSIS

The sole issue is the proper interpretation of section 35330.[2] The parties agree that our review is de novo. (See, e.g., *People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415 [101 Cal.Rptr.2d 200, 11 P.3d 956].)

Section 35330 provides: "(a) The governing board of a school district or the county superintendent of schools of a county may: [¶] (1) Conduct field trips or excursions in connection with courses of instruction or school-related social, educational, cultural, athletic, or school band activities to and from places in the state . . . ." To further that end, that district may provide equipment and supplies for the field trip or excursion and engage instructors and other personnel to contribute their services (§ 35330, subd. (a)(2)); may use district equipment or contract for equipment to provide transportation (subd. (a)(3)); and may provide supervision of pupils involved in field trips or excursions by certificated employees of the district (subd. (a)(4)). Students may not be excluded from field trips because of lack of funds (subd. (b)), and the attendance or participation of a student in a field trip or excursion shall be considered attendance for state education funding purposes (subd. (c)).

 The so-called "field trip immunity" provided by section 35330, subdivision (d), "is a relatively new creature of statute." (*Casterson v. Superior Court* (2002) 101 Cal.App.4th 177, 184 [123 Cal.Rptr.2d 637] (*Casterson*).) Subdivision (d) provides that "[a]ll persons making the field trip or excursion shall be deemed to have waived all claims against the district, a charter school, or the State of California for injury, accident, illness, or death

---

[1] The only "disputed facts" identified by Parents below were to reiterate the allegations of their first amended complaint. However, those allegations do not bar summary judgment. (Cf. *College Hospital Inc. v. Superior Court* (1994) 8 Cal.4th 704, 720, fn. 7 [34 Cal.Rptr.2d 898, 882 P.2d 894].)

[2] The parties do not dispute that, if SDCOE is entitled to the protections of section 35330 under the undisputed facts presented below, summary judgment in SDCOE's favor was proper. Conversely, the parties do not dispute that summary judgment must be reversed if SDCOE is *not* entitled to those protections on the undisputed facts.

occurring during or by reason of the field trip or excursion." The courts have construed the "deemed to have waived" language contained in section 35330, subdivision (d), as creating a "broad immunity." (*Wolfe v. Dublin Unified School Dist.* (1997) 56 Cal.App.4th 126, 130 [65 Cal.Rptr.2d 280]; accord, *Casterson*, at p. 180.) The immunity, part of the scheme designed to encourage the use of field trips as an important part of enhancing the educational process (see, e.g., Assem. Com. on Education, Analysis of Assem. Bill No. 766 (2007–2008 Reg. Sess.) as amended Apr. 9, 2007, p. 6),[3] encourages field trips by protecting school districts from exposure to personal injury claims arising from field trips and thereby lessening the costs for the trips. (See *Casterson, supra*, 101 Cal.App.4th at pp. 188–190 [one aspect of the Legislature's intent in enacting the predecessor to § 35330 was to authorize school field trips on the condition that public expenses for the trips be minimized].)

The parties agree with this synopsis of the overarching purposes of section 35330 and the field trip immunity provision. However, they disagree over the legislative intent regarding what entities are entitled to claim the protection of section 35330, subdivision (d). Parents assert the immunity is limited to the district in which the injured child was enrolled (denominated by Parents as the home district), and contend it has no application to another school district (denominated by Parents as the foreign district) whose negligence may have contributed to the injury, because the remaining provisions of section 35330 describe the rights and duties of the school district providing the field trip. SDCOE argues, in contrast, that nothing in section 35330 suggests the grant of immunity is limited to the student's home district when multiple school districts jointly provide the field trip.

 The immunity granted by section 35330, subdivision (d), applies to "the district." The ordinary import of the language employed in subdivision (d) is to refer to the school district described in subdivision (a), specifically, "a school district" that "[c]onduct[ed] [the] field trip[] or excursion[] in connection with courses of instruction or school-related social, educational, cultural, athletic, or school band activities." (*Id.*, subd. (a)(1).) Because we construe a statute by "assigning [the] usual and ordinary meanings [to the statutory language] and construing [the language] in context" (*Wells v. One2One Learning Foundation* (2006) 39 Cal.4th 1164, 1190 [48 Cal.Rptr.3d 108, 141 P.3d 225]), we conclude that SDCOE qualifies for the immunity granted under subdivision (d) if SDCOE was "a [school] district" that *conducted* the field trip at Camp Fox.

---

[3] SDCOE has requested that we take judicial notice of certain legislative material connected to the amendment that added charter schools to the entities protected by the field trip immunity. (See Stats. 2007, ch. 23, § 1.) We grant SDCOE's request for judicial notice.

It is undisputed that SDCOE was and is "a [school] district" within the meaning of section 35330, thus satisfying the first criterion for immunity. We are also convinced there is no triable issue of fact that SDCOE took part in "conduct[ing]" the field trip to Camp Fox. We construe the words of a statute using their ordinary meaning (see, e.g., *Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299]), and the standard dictionary definition of the verb "conduct," which is a term of common usage and so must be understood in its everyday meaning (see *People v. Snook* (1997) 16 Cal.4th 1210, 1215 [69 Cal.Rptr.2d 615, 947 P.2d 808]), includes directing or taking part in the operation or management of the field trip. (See, e.g., Merriam-Webster's Collegiate Dict. (11th ed. 2006) p. 259 [defining verb "conduct" to include "to direct or take part in the operation or management of" the subject]; Oxford English Dict. (2d ed. 1989) <http://dictionary.oed.com/cgi/entry/50046733> [as of Mar. 23, 2010], definition 6 [defining verb "conduct" as including "To direct, manage, carry on (a transaction, process, business, institution, legal case, etc.). [¶] The notion of direction or leadership is often obscured or lost; e.g. an investigation is *conducted* by all those who take part in it."].) It is undisputed that SDCOE participated by providing the physical facility for the field trip. Moreover, although the record does not disclose precisely how the labor involved in conducting the Camp Fox field trip was divided between SDCOE employees and employees of the McCabe Union School District, Parents did not dispute that (1) SDCOE *operated* the facility at which the field trip was held, (2) McCabe Union School District "use[d] the Outdoor Education Program . . . *provided by* [SDCOE]," and (3) "[a]ll employees at Camp Fox are [SDCOE] employees." On this record, we are convinced there is no triable issue of fact that SDCOE played a sufficiently significant role in "conduct[ing]" the field trip to Camp Fox to satisfy the second qualifying criterion for immunity under section 35330, subdivision (d).

Parents' principal arguments for a contrary interpretation are their textual construction of section 35330, and their assertion that the policies underlying section 35330 will not be advanced by our interpretation and will lead to absurd results. Parents' textual argument is that each of the subdivisions of section 35330 addresses issues relevant only to the home district, and therefore its immunity provisions likewise should be restricted to the home district. However, the statute itself neither employs the term "home district" nor distinguishes between a home district and a foreign district. The fact that some of the provisions of section 35330 may be applicable solely to the student's home district (see, e.g., § 35330, subd. (c)(1) [student's participation in field trip counts as attendance in school for state funding purposes])

does not necessarily mean that *all* provisions of section 35330 are applicable solely to the student's home district.[4]

Parents, relying on *Casterson*, also argue the policies promoted by section 35330 demonstrate that the legislative intent behind the immunity provisions was to eliminate the financial burdens of field trips on the student's home district, and extending immunity to foreign districts does not further that policy.[5] In *Casterson*, the plaintiff asserted section 35330's immunity should not be construed to protect a district's employee for injuries caused by the employee's negligence during the field trip because subdivision (d) did not expressly cover employees, while other provisions of the Education Code limiting liability for personal injuries did expressly cover employees. The employee argued section 35330 should be construed to cover employees to preserve the legislative purposes of protecting school districts from liability for injuries on field trips. (*Casterson, supra,* 101 Cal.App.4th at pp. 186–187.) The *Casterson* court, after noting the purpose of the immunity provision was to prevent school districts from exposure to liability for injuries on field trips, concluded the plaintiff's construction would frustrate the legislative purposes because the school district would become indirectly liable for the injuries under the indemnification obligations imposed by Government Code section 825. (*Casterson,* at pp. 186–187.) *Casterson* therefore held that "[i]ncluding school district employees is necessary to avoid the absurd consequence of the de facto elimination of the field trip immunity for school districts, which the Legislature intended to provide when it enacted . . . section 35330." (*Id.* at p. 189.)

 Our interpretation of section 35330—that it is not limited to the student's home district but includes any school district that is a significant participant in conducting the field trip—accords with the policy underlying section 35330. If Parents' contention were accepted, and a school district that cooperates with the student's home district to conduct the field trip is not entitled to statutory immunity, the cooperating school district would be required to obtain contractual indemnity from the home district as a condition

---

[4] For example, a district is authorized to provide equipment and supplies for the field trip and to engage instructors, supervisors and other personnel to contribute their services over and above their normal services, if necessary. (§ 35330, subd. (a)(2).) That authorization could well encompass the provision of staffing and materials by *any* district involved in conducting the field trip.

[5] Parents also assert that extending immunity to foreign districts will create absurd results. Parents posit a hypothetical situation in which a student, while riding on his or her home district's bus to or from a field trip, is injured when a foreign district's bus collides with the student's bus. Parents assert that extending immunity to the foreign district, merely because the student was injured while on a field trip, would be absurd. However, our construction of section 35330 would not extend immunity to the foreign district because, under those circumstances, the foreign district would not have been involved in *conducting* the field trip that gave rise to the injury.

to allowing the home district to use the cooperating district's facilities and personnel for the home district's field trip. This would impose a Hobson's choice for the home district: either abandon the opportunity to provide its students with the unique learning opportunities provided by field trips utilizing the cooperating district's facilities, or effectively forfeit the immunity conferred on the home district by section 35330. We conclude that result would frustrate the proposes and policies section 35330 sought to embody, and therefore we are not persuaded by Parents' interpretation of section 35330.

## DISPOSITION

The judgment is affirmed. SDCOE is entitled to its costs on appeal.

McConnell, P. J., and Aaron, J., concurred.