Filed 8/3/18

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| MARY ANSELMO,<br><br>  Plaintiff and Appellant,<br><br>  v.<br><br>GROSSMONT-CUYAMACA<br>COMMUNITY COLLEGE DISTRICT,<br><br>  Defendant and Respondent. | D072549<br><br><br>(Super. Ct. No. 37-2016-00038290-CU-NP-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Randa Trapp, Judge.  Reversed.

Gigliotti Law Group and Robert L. Gigliotti for Plaintiff and Appellant.

Meyers Fozi & Dwork, Neal S. Meyers and Daniel S. Modafferi for Defendant and Respondent.

BACKGROUND

Plaintiff Mary Anselmo attended Los Angeles Pierce College (Pierce College), a public community college within the Los Angeles Community College District.  On March 4, 2016, Anselmo traveled to Grossmont College as a member of the Pierce College Women's Volleyball team to participate in an intercollegiate beach volleyball tournament.  The Grossmont College campus and the volleyball courts where the

tournament took place are owned, controlled, and maintained by defendant Grossmont-Cuyamaca Community College District (Grossmont). Anselmo alleged she was injured during one of the tournament games when she dove into the sand and her knee struck a rock in the sand.

On October 31, 2016, Anselmo filed a complaint against Grossmont alleging claims for negligence, gross negligence, and premises liability. In response to a meet and confer session, Anselmo amended her complaint to replace the premises liability claim with a cause of action for a dangerous condition of public property. Grossmont demurred to the first amended complaint on, among other grounds, the field trips and excursions immunity of section 55220 of title 5 of the California Code of Regulations (hereafter, section 55220). On March 3, 2017, the trial court sustained Grossmont's demurrer with leave to amend on the ground that Anselmo had not alleged sufficient facts to show the immunity provisions did not apply to Grossmont.

By way of a second amended complaint filed on March 13, 2017, Anselmo alleged only one cause of action for a dangerous condition of public property. She alleged her participation in the game was required and she received credit for attendance. Grossmont again demurred, asserting the field trips and excursions immunity provided in section 55220. On June 1, 2017, the trial court entered an order sustaining Grossmont's demurrer without leave to amend.

Judgment in favor of Grossmont was entered on June 6, 2017. Anselmo filed a timely notice of appeal.

2

DISCUSSION

The sole issue raised on this appeal is whether the field trips and excursions immunity provided in section 55220 applies here. We conclude that it does not apply to an injury suffered by a member of a visiting team during an intercollegiate athletic event. Grossmont provided the athletic facility to be used, and it is responsible for the condition of that facility. This duty of care protects all participants in the event, not just members of the Grossmont team. We therefore reverse the order granting the demurrer and remand this case to the trial court for further proceedings.

On appeal from a judgment after a demurrer is sustained without leave to amend, we review the trial court's ruling de novo, exercising our independent judgment on whether the complaint states a cause of action. (*Lazar v. Hertz Corp.* (1999) 69 Cal.App.4th 1494, 1501.) " 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole, with and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318; *Peterson v. San Francisco Community College District* (1984) 36 Cal.3d 799, 804.)

Anselmo alleged that she was injured due to a dangerous condition existing at Grossmont's beach volleyball facility. Government Code section 835 prescribes the conditions under which a public entity is liable for injuries caused by a dangerous

3

condition of its property. Grossmont had a duty under Government Code section 835 to maintain its property and athletic facilities in a safe condition.[1]

The benefits of intercollegiate activities to a college and its corresponding duties were discussed in *Avila v. Citrus Community College District* (2006) 38 Cal.4th 148 (*Avila*). Schools and colleges receive multiple benefits from interscholastic and intercollegiate competition. "Without a visiting team, there can be no competition. Intercollegiate competition allows a school to, on the smallest scale, offer its students the benefits of athletic participation and, on the largest scale, reap the economic and marketing benefits that derive from maintenance of a major sports program." (*Id*. at p. 162.) In light of those benefits, the community college owed a duty to "home and visiting players alike to, at a minimum, not increase the risks inherent in the sport." (*Ibid*.) The *Avila* court largely discussed the duty of supervision, not applicable here, and

---

[1]    Government Code section 835 provides:
    "Except as provided by statute, a public entity is liable for injury caused by a dangerous condition of its property if the plaintiff establishes that the property was in a dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either:

    "(a) A negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or

    "(b) The public entity had actual or constructive notice of the dangerous condition under Section 835.2 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition."

4

did not discuss the potential application of field trip immunity, but the opinion sets the framework of the duty of care toward visiting teams. (*Id.* at pp. 162–163.)

Section 55220 provides immunity to community college districts such as Grossmont that conduct field trips or excursions. It provides in relevant part:

> "(a) The governing board of a community college district may:
>
> (1) Conduct field trips or excursions in connection with courses of instruction or instructionally-related social, educational, cultural, athletic, or band activities to and from places in the state. . . .
>
> (2) Engage instructors, supervisors, and other personnel . . . and provide equipment and supplies for the field trip or excursion.
>
> (3) Transport students, instructors, supervisors or other personnel to and from places in the state . . . .
>
> (4) Provide supervision of students involved in field trips or excursions by academic employees of the district.
>
> "[¶] . . . [¶]
>
> "(h) All persons making the field trip or excursion shall be deemed to have waived all claims against the district or the State of California for injury, accident, illness, or death occurring during or by reason of the field trip or excursion."

The Legislature granted immunity for field trips and excursions to enhance and enrich the educational goals of schools, by reducing costs caused by the exposure to additional liabilities which may accrue. (*Sanchez v. San Diego County Office of Education* (2010) 182 Cal.App.4th 1580, 1584 *(Sanchez)*; *Casterson v. Superior Court* (2002) 101 Cal.App.4th 177, 184–186 *(Casterson)*.[2]) The narrow question we must address in this case is whether this immunity extends to an injury sustained during an

---

[2]     Both *Sanchez* and *Casterson* involved Education Code section 35330, which provides field trip and excursion immunity for elementary and secondary schools. Sections 35330 and 55220 use nearly identical language.

interscholastic athletic competition by a member of the visiting team caused by the negligence of the home team's district.

As the Supreme Court's *Avila* decision makes clear, a district that hosts an interscholastic athletic event owes a general duty to *all* participating teams—both home and visitor—to avoid acts or omissions that materially increase the risks to participants beyond those inherent in the sport. (*Avila, supra,* 38 Cal.4th at p. 162.) Here, Grossmont acknowledges there would be no field trip immunity if a *Grossmont* student participating in the volleyball tournament had injured herself on the very same rock. But in suggesting that field trip immunity applies to preclude liability for any injuries to *Pierce College* students, Grossmont argues for a result that is both absurd and unfair. Even if a "field trip" or "excursion" might take place while the Pierce College students were being transported to and from Grossmont, it does not continue during the athletic competition itself. Once the visiting teams arrived, Grossmont had an ongoing responsibility to all participants—home team and visitors—to provide a reasonably safe premises.

We explained in *Sanchez* that immunity is provided to those who conduct or substantially participate in conducting--i.e. directing or managing--the trip or excursion. (*Sanchez*, *supra*, 182 Cal.App.4th at p. 1585.) In *Sanchez*, the defendant San Diego County Office of Education (SDCOE) operated a school camp, with students from different school districts rotating through on a weekly basis. The camp was not mandatory. It did not involve interscholastic athletic competition. There was no home or visiting teams; every camp participant was engaged in a field trip for the entirety of the

6

activity. SDCOE provided the instructors, equipment and supplies for the camp, and supervised the pupils involved in the trips to its school camp. (*Id*. at p. 1582.)

The facts at hand are completely different. Grossmont did not "conduct" or operate Pierce College's travel to Grossmont for intercollegiate play in any sense of section 55220, subdivision (a). Grossmont provided a sports facility, to which Anselmo and her team travelled. Pierce College, Anselmo's home school, had the responsibility of getting Anselmo to the host facility, and it did so. Grossmont's provision of sports equipment and general supervision was not specific to the Pierce College trip or excursion, but fell instead within the realm of Grossmont's provision of the sports facility for the intercollegiate competition. Grossmont, as the receiving or hosting team, had the responsibility to provide a safe beach volleyball court, in accordance with any applicable regulations. It had some shared responsibility to supervise, which is not at issue in this claim based on the condition of Grossmont's property. Grossmont's duty to the visiting team entailed not increasing the risks inherent in beach volleyball. (*Avila*, *supra*, 38 Cal.4th at p. 162.) It had an ongoing responsibility to its students and its invitees to provide reasonably safe premises, and it had, undoubtedly, insurance for any mishaps due to the negligence of its maintenance crew. Grossmont did not conduct Anselmo's field trip or excursion and does not benefit from the immunity liability provided to such conductors.

Grossmont relies on several cases in which immunity was granted to school districts that were conducting athletic-related field trips or excursions for their students, but the facts of those cases are readily distinguishable. In both *Barnhart v. Cabrillo*

7

*Community College* (1999) 76 Cal.App.4th 818 and *Myricks v. Lynwood Unified School District* (1999) 74 Cal.App.4th 231, the plaintiffs were traveling to interscholastic athletic events via transportation conducted or organized by the defendant school district. (*Barnhart*, at pp. 821, 828–829; *Myricks,* at pp. 234, 239–240.)  In *Roe ex rel. Callahan v. Gustine Unified School District* (2009) 678 F.Supp.2d 1008, the plaintiff suffered injuries at a sports camp conducted jointly by the plaintiff's school and by a school that hosted the sports camp.  (*Roe ex rel. Callahan,* at p. 1011.)  The federal court found that the plaintiff's own school district had immunity under the field trip and excursion immunity provision of the Education Code.  (*Id*. at pp. 1040–1044.)  These cases are not pertinent here, where Grossmont provided a facility, but did not conduct Anselmo's team on her trip to Grossmont.  Neither are *Wolfe v. Dublin Unified School District* (1997) 56 Cal.App.4th 126, 134, where a plaintiff sued his school for injuries that occurred during a class trip to a farm that his school conducted, nor *Castro v. Los Angeles Board of Education* (1976) 54 Cal.App.3d 232, 234, where the plaintiffs' son died at a camp conducted by the school district.[3]

Grossmont did not conduct a field trip for Anselmo within the meaning of section 55220 and *Sanchez*, *supra*, 182 Cal.App.4th at p. 1580.  Field trip immunity under section 55220 does not extend to Grossmont as the host of an interscholastic athletic competition for injuries suffered by a player on a visiting team merely because her team

---

[3]    In *Castro*, the defense of immunity was denied at the demurrer stage because the school district may have required attendance at the camp.  (*Castro v. Los Angeles Board of Education*, *supra*, 54 Cal.App.3d at pp. 236–237.)

traveled to the site of the competition. The trial court erred in sustaining Grossmont's demurrer on this ground.

## DISPOSITION

The order sustaining Grossmont's demurrer is reversed and the case is remanded for further proceedings in the trial court. Anselmo is awarded her costs on appeal.

BENKE, Acting P. J.

WE CONCUR:

AARON, J.

DATO, J.

9