NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 1 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLAUDIA HERRERA; CESAR ORTIZ, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> LOS ANGELES UNIFIED SCHOOL DISTRICT, a public entity; et al., <br><br> Defendants-Appellees, <br><br> and <br><br> COUNTY OF LOS ANGELES, <br><br> Defendant. | No.  20-55054 <br><br> D.C. No. 8:17-cv-00069-JVS-KES <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted August 30, 2021
Pasadena, California

Before:  IKUTA, BENNETT, and R. NELSON, Circuit Judges.

Erick Ortiz was an autistic high school student in the Los Angeles Unified

School District ("LAUSD") who tragically drowned at an end-of-year class party at

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

the Atlantic Avenue Park. As part of Erick's Individualized Education Plan ("IEP"), LAUSD provided an individual aide to supervise him throughout the school day. Erick's parents sued LAUSD, the individual aide, and other school employees for negligence and wrongful death under California law. Because California law immunizes schools from "all claims against the district, a charter school, or the State of California for injury, accident, illness, or death occurring during or by reason of the field trip or excursion," *see* Cal. Educ. Code § 35330(d), and because it is undisputed that the event at issue took place during a field trip or excursion as described in the statute, Plaintiffs' claims are deemed waived under § 35330(d). Therefore, the district court properly granted summary judgment to Defendants.

Plaintiffs argue that the § 35330 immunity does not apply because (1) the Individuals with Disabilities Education Act ("IDEA") is an exception to § 35330 liability, (2) Section 44808 is an exception to § 35330 immunity, and (3) LAUSD failed to fulfill its obligations under the IDEA and § 44808 and therefore cannot be immunized by § 35330. To be sure, § 44808 permits liability when a school "has undertaken to provide transportation for such pupil to and from the school premises, has undertaken a school-sponsored activity off the premises of such school, has otherwise specifically assumed such responsibility or liability or has failed to exercise reasonable care under the circumstances." Cal. Educ. Code § 44808. But LAUSD's obligations under federal law are not an exception to California's liability

2

regime, and under California case law, § 35330 applies to waive claims against the school even when liability under § 44808 otherwise applies. *See Castro v. Los Angeles Bd. of Educ.*, 126 Cal. Rptr. 537, 539–40 (1976); *Wolfe v. Dublin Unified Sch. Dist.*, 65 Cal. Rptr. 2d 280, 286 (1997).

The IDEA permits "a suit against a State for a violation of this chapter." 20 U.S.C. § 1403(b). To be sure, this provision allows a student to bring suit under *federal* law against the state for violations of dozens of obligations, ranging from "free appropriate public education," to "responsib[ilities] for general supervision," and "access to instructional materials." 20 U.S.C. §§ 1412(a)(1), (11), (23) (cleaned up). But the IDEA does not require states to permit *state* law claims for violating its obligations under federal law. *See generally* 20 U.S.C. § 1412. Plaintiffs characterize Erick's death as "negligence in *implementing* the services" required by the IDEA. Whether that may state a separate federal claim under the IDEA, it is insufficient to support state negligence or wrongful death claims barred by § 35330.

The contention that § 44808 is an exception to § 35330 immunity also fails. Plaintiffs argue that § 44808 permits liability where the school "has otherwise specifically assumed such responsibility or liability," and "precludes [section 35330's] immunity" when Defendants assumed responsibility to supervise Erick under an IEP. But even assuming Defendants specifically assumed responsibility or liability through Erick's IEP, § 44808 does not preclude immunity under its

"specifically assumed such responsibility or liability" clause when the school has immunity under the "field trip" or "excursion" immunity provided under § 35330. *See Castro*, 126 Cal. Rptr. at 539–40; *Wolfe*, 65 Cal. Rptr. 2d at 286. Here, the district court found that the outing was an excursion; Plaintiffs do not dispute that finding.

Plaintiffs' cited cases do not indicate otherwise. In *Anselmo v. Grossmont-Cuyamaca Cmty. Coll. Dist.*, the California Court of Appeal held that a statute parallel to § 35330 did not apply (and thus there was no waiver of liability), in a suit against a school whose negligence caused injury to a member of a visiting school athletic team. 236 Cal. Rptr. 3d 282, 285 (Ct. App. 2018). That case addressed the narrow question of whether a host school could be liable for injuries caused by its negligence and sustained on its campus, even though the visiting athlete was not on her own school's campus. *Id.* at 283. The court reasoned that because "there would be no field trip immunity if a [home school] student participating in the volleyball tournament had injured herself," field trip immunity did not apply to protect the home school from liability. *Id.* at 285.

*Anselmo* is also inapplicable because that court decided that the injured student was not on an "excursion" (during which the school would have immunity). 236 Cal. Rptr. 3d at 285 ("[o]nce the visiting teams arrived, [the home school] had an ongoing responsibility to all participants—home team and visitors—to provide a

4

reasonably safe premises.").  In this case, Erick drowned during an excursion from school, not while on school premises.

Finally, in *Hoyem v. Manhattan Beach City School District*, the California Supreme Court held that the school district could be liable for injuries occurring off campus that are the result of negligent supervision occurring on school campus (even while § 44808's text applies to any injury occurring off school grounds).  22 Cal. 3d 508, 511–12 (1978).  But *Hoyem* did not address immunity under § 35330 because that student was not injured during a field trip or excursion.  *Id.*  And unlike the plaintiffs in *Hoyem*, Plaintiffs here do not allege that Defendants' negligent supervision caused Erick to leave the school campus.  Although the *Hoyem* court observed that "[w]e entrust the safety of our children to our public school authorities during school hours," we must also respect California's goal of balancing school liability with the educational benefits of field trips and excursions.  *Id.* at 519–20 (quotation omitted).

The district court found that Erick drowned while on an excursion.  Because Plaintiffs do not challenge that finding in their appeal, any liability permitted by § 44808 is superseded by the waiver provided in § 35330.

**AFFIRMED.**